# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JACK L. LOSEE, | |
| Plaintiff, | No. C10-0166-LRR |
| vs. | |
| A.S.P. MEDICAL DEPARTMENT, JERRY CONNELLY, LINDA BOFFELI, CINDY WOLMUTT, JOHN FAYRAM, SHERYL LOCKWOOD, | ORDER |
| Defendants. | |

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on December 23, 2010. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983 and an application for appointment of counsel.

During the course of his confinement, the plaintiff has filed multiple actions and appeals. Among those actions and appeals, several constituted a strike for purposes of 28 U.S.C. § 1915(g). In the Southern District of Iowa, the court dismissed several of the plaintiff's cases as frivolous or for failing to state a claim upon which relief could be granted. Those cases include: *Losee v. Newton Correctional Facility, et al.*, No. 4:09-cv-00527-REL (S.D. Iowa 2010); *Losee v. Maschner, et al.*, No. 4:97-cv-10219-REL (S.D. Iowa 1997); *Losee v. Turner, et al.*, No. 4:95-cv-80203-CRW (S.D. Iowa 1995); *Losee v. Hundley, et al.*, No. 4:94-cv-10491-REL (S.D. Iowa 1994); and *Losee v. Kansas, et al.*, No. 4:92-cv-80828-CRW (S.D. Iowa 1993). Similarly, the Tenth Circuit Court of Appeals dismissed as frivolous the plaintiff's appeal in *Losee, et al. v. Davies, et al.*, No. 89-3375-

S (D. Kan. 1992). *See Losee v. Barkley*, 1992 U.S. App. LEXIS 16554 (10th Cir. 1992); *see also Losee v. Davies*, 1992 U.S. Dist. LEXIS 2853 (D. Kan. 1992).[1]

In 1996, Congress enacted the Prisoner Litigation Reform Act ("PLRA") to deter frivolous prisoner litigation. *Lyon v. Vande Krol*, 127 F.3d 763, 764 (8th Cir. 1997). The PLRA requires all prisoners to pay the filing fee for civil cases and differentiates among prisoners on method of payment. *See* 28 U.S.C. § 1914(a) (requiring filing fee); 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Prisoners who have not had three prior cases dismissed as frivolous need only pay a percentage of the fee at the outset and the remainder over time. 28 U.S.C. § 1915(b)(1)-(4). Such litigants will not be barred from pursuing a claim by inability to make the required payment. *Id*. In contrast, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding in forma pauperis." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *see also Higgins v. Carpenter*, 258 F.3d 797, 799-801 (8th Cir. 2001) (holding that the three strikes provision of 28 U.S.C. § 1915(g) is constitutional).

Prior to filing the instant action, the plaintiff filed at least three frivolous actions or appeals. 28 U.S.C. § 1915(g); *see also Owens v. Isaac*, 487 F.3d 561, 563 (8th Cir. 2007) (determining what constitutes a strike). The court recognizes that some of the dismissals occurred prior to the enactment of the PLRA in 1996. Nevertheless, pre-PLRA

---

[1] The court compiled relevant documents from the plaintiff's previous cases. Those documents are attached to the instant order.

dismissals for frivolousness, maliciousness or for failure to state a claim count as strikes for purposes of 28 U.S.C. § 1915(g). *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (determining number of strikes and implicitly recognizing as strikes pre-PLRA dismissals of civil actions or appeals). In addition, it is clear from the statements that the plaintiff included in his complaint that he is not under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Accordingly, the plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed without prejudice. The clerk's office shall file the complaint for the purpose of making a record. Having concluded that dismissal is appropriate, the court shall deny as moot the plaintiff's application for appointment of counsel.

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis (docket no. 1) is denied.

2) The plaintiff's action is dismissed without prejudice.

3) The clerk's office is directed to file the plaintiff's complaint for the purpose of making a record.

4) The plaintiff's application for appointment of counsel (docket no. 2) is denied as moot.

**DATED** this 11th day of January, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA